**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 5, 2009[*]
Decided November 10, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1719

JOSEPH MADISON,
    *Petitioner-Appellant*,

    *v.*

MARK R. SEVIER, Superintendent,
Miami Correctional Facility,
    *Respondent-Appellee*.

Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.

No. 1:08-cv-739-DFH-JMS
David F. Hamilton, *Chief Judge*.

### Order

Joseph Madison contends that Indiana violated the Constitution when it rescinded some of his good-time credits because he refused to attend a program for sex offenders. The district court denied his petition under 28 U.S.C. §2254.

Indiana maintains two programs for imprisoned sex offenders. One is called the "Sex Offender Containment and Accountability Program" and the other "Sex Offender Management and Monitoring." Prison officials decided that Madison did not need to participate in the latter program until close to his release date (which will be no earlier than 2017) but directed him to participate in the former program. He refused and was disciplined. There is some possibility that Madison did not understand the difference between the two programs, but once he received a direct order to join the Sex Offender Containment and Accountability Program he had to comply. No prisoner is entitled to insist that his own view of his obligations be dispositive. He was obliged to follow the express instructions he received and pursue intra-prison remedies to clear up any misunderstanding; instead he chose defiance and was handled accordingly.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

There are no disputed issues of material fact, so the district court did not need to hold an evidentiary hearing. Madison's arguments are legal. He contends, for example, that Indiana violated the Constitution's prohibition of ex post facto punishments when it penalized his refusal to participate in the Sex Offender Containment and Accountability Program, which came into existence after his child-molestation offenses. See Ind. Code §35-50-6-5(a)(6). But the ex post facto clause deals with punishment for crimes, and the consequence of failure to comply with a requirement of prison life is not a punishment for the crime that landed the person in prison. Discipline is designed to implement the prison's administrative rules; an inmate can avoid discipline by conforming his conduct to those rules. If a prison changes its lunch hour from noon to 12:30 after the date of a prisoner's conviction, he must eat at the new time. Cf. *Smith v. Doe*, 538 U.S. 84 (2003) (program requiring sex offenders to register may be applied to persons whose crimes predate the program's enactment).

Madison also maintains that the need to reveal his sexual history as part of the Program violates the privilege against compulsory self-incrimination. That contention is hard to square with *McKune v. Lile*, 536 U.S. 24 (2002), and the principle that the self-incrimination clause deals only with information that can lead to criminal punishment. Madison does not contend that anything he says during the Program can be used in evidence against him in criminal proceedings, or will be used to derive such evidence. See *Allison v. Snyder*, 332 F.3d 1076, 1079–80 (7th Cir. 2003).

Madison's other arguments concern the conduct of the disciplinary hearing. He complains that the Board ordered his lay advocate to leave before the hearing was over, but he does not explain what difference this made to his ability to defend himself: Madison does not deny that he refused to participate in the Program. Madison also asserts that members of the disciplinary board were not impartial, but he does not point to any fact that would tend to support this assertion.

AFFIRMED